UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00188-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SYLVESTER W. DUTCHIE,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Defendant's Unopposed Motion for an Ends of Justice Continuance, to Reschedule Motions Filing Deadlines, Vacate Trial Date, and Set Status Conference (docket #19), filed June 6, 2008. In the motion, the Defendant requests an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(iv) because the remaining time until trial is inadequate for counsel to effectively represent the Defendant. The motion also indicates that the Government does not oppose the requested continuance.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit recently held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126

S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S .C. § 3161(h)(8). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Court, having carefully considered the request, and being fully advised in the premises, hereby finds that the Defendant's motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(8)(B)(A) and (B)(iv). I find that the failure to grant a continuance in this case would deny the Defendant and his counsel the

reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). Here, the Defendant is charged in two counts of assault with a dangerous weapon on the Ute Mountain Ute Reservation in the Southwestern corner of Colorado. Defense counsel states that all of the witnesses to the alleged offenses and the ensuing investigation live and work in and around the Ute Mountain Ute Reservation. They include various law enforcement officers who were the alleged victims, who participated in the investigation, investigated the scene, and interrogated the defendant. Defense counsel also believes that there are numerous other "lay" type witnesses including eyewitnesses to the incident itself. It is likely that more witnesses will be developed. Defense counsel further states that these factors are complicated by the fact that the defense team is required to travel to the scene of the alleged crime, which is a considerable distance from Denver, Colorado. Finally, defense counsel states that an investigation into events occurring on the Ute Mountain Ute Reservation provides the time consuming challenges of conducting an investigation and preparing for litigation where one is required to intrude beyond cultural boundaries.

Based on the above, I find that the ends of justice served by an additional sixty (60) day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

Based on the foregoing, it is

ORDERED that the Defendant's Unopposed Motion for an Ends of Justice Continuance, to Reschedule Motions Filing Deadlines, Vacate Trial Date, and Set

Status Conference (docket #19), filed June 6, 2008, is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).  In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **sixty (60) days**.  It is

FURTHER ORDERED that the pretrial filing deadlines are **VACATED.**  It is

FURTHER ORDERED that the 3-day jury trial set for **Monday, June 30, 2008, at 9:00 a.m. is hereby VACATED.**  It is

FURTHER ORDERED that a status conference is set for **Friday, August 29, 2008 at 9:00 a.m.**  Accordingly, the parties are ordered to file a joint written status report with the Court no later than **Wednesday, August 20, 2008.**

Dated:  June 13, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge